Cortez JORDAN, an individual,
Plaintiff—Appellee,

v.

CITY OF EUGENE, a municipal corporation; Wayne Dorman, an individual, Defendants—Appellants.

No. 06–35604.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Nov. 6, 2008.

Kevin Lafky, Esquire, Lafky & Lafky, Salem, OR, for Plaintiff-Appellee.

Jeffrey J. Matthews, Esquire, Sharon A. Rudnick, Esquire, Jens Schmidt, Harrang Long Gary Rudnick P.C., Eugene, OR, for Defendants–Appellants.

Before: THOMPSON, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM *

This is a civil rights action under 42 U.S.C. § 1983 against the City of Eugene and one of its police officers for violation of the plaintiff's Fourth and Fourteenth Amendment rights, battery, and intentional infliction of emotional distress. The

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court granted in part and denied in part the defendants' motion for summary judgment. The defendants appeal the portion of the order denying the officer's motion for summary judgment on the basis of qualified immunity against the plaintiff's Fourth Amendment claim.

■ The district court correctly determined the encounter between the plaintiff and the officer was non-consensual because, even if the initial exchange was consensual, it became a non-consensual seizure when the officer told the plaintiff he needed to speak with him because the officer believed the plaintiff was carrying a gun. A reasonable person in this situation would not have felt free to ignore the officer's presence and continue on his way. *See Michigan v. Chesternut,* 486 U.S. 567, 573–574, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988). Additionally, there were two officers involved in the exchange, the defendant officer in full uniform exited a marked patrol car, some portion of the patrol car's overhead lights were activated, and the officer focused on and addressed only the plaintiff although he was walking with a group. All of the circumstances surrounding the incident together support the characterization of the exchange as a non-consensual seizure. *See INS v. Delgado,* 466 U.S. 210, 215, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984).

■ A non-consensual seizure must be supported by reasonable suspicion. *See Terry v. Ohio,* 392 U.S. 1, 20–22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The district court found that there exists a genuine issue of material fact as to whether the officer had reasonable suspicion to stop the plaintiff, so this court lacks jurisdiction to review the issue. *Jeffers v. Gomez,* 267 F.3d 895, 903 (9th Cir.2001).

The argument that the officer had probable cause to stop the plaintiff because the plaintiff committed a pedestrian violation is misplaced. The officer testified that he did not stop the plaintiff for a pedestrian violation, but only because he believed the plaintiff was carrying a concealed weapon. The district court correctly found the encounter was not a protected pretextual stop. *Cf. Whren v. United States,* 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

**AFFIRMED.**